UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTHONY LOVEJOY,

                Petitioner,

v.                                                            Case No. 07-11729
                                                             Honorable Thomas L. Ludington

KENNETH McKEE,

                Respondent.
_____/

**OPINION AND ORDER
DENYING THE PETITION FOR WRIT OF HABEAS CORPUS,
DENYING PETITIONER'S MOTION TO PRODUCE DOCUMENTS,
DENYING A CERTIFICATE OF APPEALABILITY AND
GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Petitioner Anthony Lovejoy ("Petitioner"), presently confined at Ionia Maximum Correctional Facility in Ionia, Michigan, has filed a *pro se* application for the writ of habeas corpus challenging his Wayne County convictions for assault with intent to commit murder and felony firearm, second offense. Petitioner was sentenced to five years in prison for the felony firearm conviction and to a consecutive term of six to twenty years for the assault conviction. He alleges that he pleaded no contest while mentally incompetent and that his trial and appellate attorneys were ineffective. Respondent Kenneth McKee urges the Court through counsel to deny the petition. Petitioner is not entitled to the relief he seeks and his habeas petition will therefore be denied.

I.

A.

On March 31, 2006, Petitioner pleaded no contest to assault with intent to commit murder,

Mich. Comp. Laws § 750.83, and felony firearm, second offense, Mich. Comp. Laws § 750.227b. In return, the prosecutor dismissed three counts charging Petitioner with felonious assault, assault with intent to do great bodily harm less than murder, and felon in possession of a firearm. The parties also agreed that Petitioner would serve five years in prison for the felony firearm conviction and a consecutive sentence of six to twenty years in prison for the assault conviction. On April 21, 2006, the trial court sentenced Petitioner consistent with the parties' plea and sentencing agreement.

On appeal from his convictions, Petitioner alleged that (1) the trial court was obligated to determine whether he was competent at the time of sentencing and (2) he was denied his right to meaningful allocution due to his incompetence. The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." *See People v. Lovejoy*, No. 271997 (Mich. Ct. App. Sept. 6, 2006). After the Court of Appeals issued its decision, Petitioner filed a pro se supplemental brief, which the Michigan Court of Appeals rejected as untimely.

In an appeal to the Michigan Supreme Court, Petitioner raised the same two claims that he presented to the Michigan Court of Appeals and two additional issues regarding his competency and his trial and appellate attorneys. The Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. *See People v. Lovejoy*, 725 N.W.2d 343 (Mich. 2007).

B.

Petitioner filed his habeas corpus petition in this Court on April 19, 2007. The petition included all four claims that Petitioner raised in the Michigan Supreme Court. Respondent argued in an answer to the petition that Petitioner had not exhausted state remedies for his third and fourth claims by fairly presenting the claims in both the Michigan Court of Appeals and the Michigan Supreme Court. Petitioner then sought a stay so that he could pursue additional state court remedies.

The Court granted Petitioner's request and closed the case for administrative purposes on March 14, 2008.

On or about April 2, 2008, Petitioner filed a motion for relief from judgment in the trial court. He alleged that he was denied his due process right to be tried while competent and that his trial and appellate attorneys were ineffective for not raising the competency issue in state court. The trial court denied Petitioner's post-judgment motion, and the Michigan Court of Appeals denied leave to appeal the trial court's decision because Petitioner had failed to establish entitlement to relief under Michigan Court Rule 6.508(D). *See People v. Lovejoy*, No. 293273 (Mich. Ct. App. Nov. 16, 2009.) On June 28, 2010, the Michigan Supreme Court denied leave to appeal for the same reason. *See People v. Lovejoy*, 783 N.W.2d 339 (Mich. 2010).

C.

On August 19, 2010, Petitioner returned to this Court and filed a supplemental habeas corpus petition. His claims are: (1) the trial court had an obligation to determine whether he was competent at sentencing, (2) he was denied the right to meaningful allocution due to his incompetency, (3) he was denied his due process right not to be tried while incompetent and must be granted a new trial, and (4) his trial attorney was ineffective for failing to question his competency, and appellate counsel was ineffective for failing to raise the issue on appeal.

The Court re-opened this case and ordered Respondent to file a supplemental answer. Respondent filed his supplemental answer, and Petitioner filed a reply, along with a motion to compel Respondent to produce copies of his mental health records and a list of his medications and the doctors who prescribed the medications.

Although Respondent argues in his supplemental answer that Petitioner's claims are

procedurally defaulted, procedural default is not a jurisdictional limitation. *Pudelski v. Wilson*, 576 F.3d 595, 606 (6th Cir. 2009), *cert. denied*, --- U.S.---, 130 S. Ct. 3274 (2010). The Court therefore will excuse the alleged procedural default and proceed to address the merits of Petitioner's claims.

II.

State prisoners are entitled to the writ of habeas corpus only if the state court's adjudication of their claims on the merits

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id*. at 409.

"[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 411. "[W]here factual findings are challenged, the habeas petitioner has the burden of rebutting, by clear and convincing evidence, the presumption that the state court's factual findings are correct."

*Goodwin v. Johnson*, 632 F.3d 301, 308 (6th Cir. 2011) (citing 28 U.S.C. § 2254(e)(1) and *Landrum v. Mitchell*, 625 F.3d 905, 914 (6th Cir. 2010)).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, --- U.S. ---, 131 S. Ct. 770, 786 (2011). To obtain a writ of habeas corpus from a federal court, a petitioner must show that the state court's decision "was so lacking in justification" that it resulted in "an error well understood and comprehended in existing law beyond any possibility [of] fairminded disagreement." *Id.* at 786-87.

III.

A.

Petitioner alleges that he is entitled to withdraw his no-contest plea because he was incompetent at the time. In support of this claim, Petitioner alleges that he was mentally incompetent as a result of massive consumption of alcohol, marijuana, and ecstasy in the past when he was not taking his psychiatric medications. Petitioner also emphasizes that his pre-sentence investigation report states that he was diagnosed with bipolar disorder and was prescribed Prozac and Lithium.

Petitioner also alleges that the trial court had an obligation to determine whether he was competent. According to Petitioner, it was clear that he had a limited capacity to understand the proceedings and the consequences of his actions. Petitioner maintains that the trial court erred by assuming that he was competent at the plea and sentencing.

The trial court addressed these issues when ruling on Petitioner's motion for relief from judgment. It stated that there was nothing in the record which would have raised a bona fide doubt

as to Petitioner's capacity to plead no contest and, therefore, it was not required to raise the issue *sua sponte*.

1.

"[T]he Constitution does not permit trial of an individual who 'lacks competency,' " *Indiana v. Edwards*, 554 U.S. 164, 170 (2008), and "[a] criminal defendant may not . . . plead guilty unless he does so 'competently' and intelligently.' " *Godinez v. Moran*, 509 U.S. 389, 396 (1993) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 468 (1938)). The standard for competency is "(1) 'whether' the defendant has 'a rational as well as factual understanding of the proceedings against him' and (2) whether the defendant 'has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding.'" *Edwards*, 554 U.S. at 169 (quoting *Dusky v. United States,* 362 U.S. 402, 402 (1960) (per curiam)) (emphasis omitted). In other words, "a person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial." *Drope v. Missouri,* 420 U.S. 162, 171 (1975). The same standard applies to guilty pleas, *Moran*, 509 U.S. at 391, and, by extension, to no-contest pleas.

2.

At his plea on March 31, 2006, Petitioner demonstrated that he understood the court proceedings and was able to consult with his lawyer with a reasonable degree of rational understanding. He stated that he was satisfied with his attorney, and in response to the trial court's questions, Petitioner indicated that he understood the charges and the maximum penalties for the crimes. He also stated that he was on probation at the time of the crime. When the trial court noted that Petitioner's plea might have an impact on Petitioner's probationary status, Petitioner asked

whether his probation case would be closed. He acknowledged his signature on the pretrial settlement offer, and he stated that he understood the form and had reviewed it with his attorney. He also claimed to understand the rights that he was waiving and the fact that his sentences would run consecutively. There is no indication in the transcript of the plea proceeding that Petitioner was incompetent.

At his sentencing on April 21, 2006, Petitioner apologized for the crime that he committed and stated that he was "deeply sorry." He then said, "Wasn't none of my mental issues was stated in this courtroom to where I would like to just state that, too." This was the first time that Petitioner raised an issue as to mental competence. However, when asked whether he had anything else to say, he responded, "No." Neither he nor his attorney said anything more about mental competency.

Petitioner's presentence investigation report indicates that Petitioner has a history of substance abuse[1] dating back to 1987, but the last recorded use was December 2005, which was three months prior to Petitioner's no-contest plea. The presentence investigation report also reveals that Petitioner has been treated with Prozac and Lithium for bipolar disorder. However, a person is not necessarily incompetent to stand trial simply because he is receiving psychiatric care or is mentally ill. *United States v. Davis*, 93 F.3d 1286, 1290 (6th Cir. 1996) (quoting *Newfield v. United States*, 565 F.2d 203, 206 (2d Cir. 1977)). Furthermore, under certain circumstances, medication can make a person competent to stand trial. *See Sell v. United States*, 539 U.S. 166, 179 (2003) (citing *Washington v. Harper*, 494 U.S. 210, 221-22 (1990) and *Riggins v. Nevada*, 504 U.S. 127 (1992) for the principle that, under certain circumstances "the Constitution permits the Government involuntarily to administer antipsychotic drugs to a mentally ill defendant facing serious criminal

---

[1] The substances mentioned were ecstasy, vicodin, marijuana, hashish, and alcohol.

-7-

charges in order to render that defendant competent to stand trial"). It is possible that Petitioner's medication alleviated his bipolar symptoms and made him better able to understand the court proceedings and to assist his attorney.

The record does not support Petitioner's claim that he was incompetent to plead no contest. He interacted with the trial court and responded rationally to the trial court's questions. He appears to have understood the proceedings and to have communicated effectively with his attorney. Therefore, the trial court did not err in assuming that Petitioner was competent, and Petitioner is not entitled to withdraw his plea.

B.

Petitioner nevertheless maintains that the trial court had an obligation to *sua sponte* evaluate him for competency. A trial court must *sua sponte* order a competency hearing when there is a bona fide doubt as to a defendant's capacity to stand trial. *Pate v. Robinson*, 383 U.S. 375, 385 (1966); *Warren v. Lewis*, 365 F.3d 529, 533 (6th Cir. 2004) ((quoting *Drope*, 420 U.S. at 173) (quoting *Pate*, 383 U.S. at 385)). The test is "whether a reasonable judge, situated as was the trial court judge whose failure to conduct an evidentiary hearing is being reviewed, should have experienced doubt with respect to competency to stand trial." *Williams v. Bordenkircher*, 696 F.2d 464, 467 (6th Cir. 1983) (quoting *Pate v. Smith*, 637 F.2d 1068, 1072 (6th Cir.1981)).

"There are, of course, no fixed or immutable signs which invariably indicate the need for further inquiry to determine fitness to proceed," *id.* at 466, and there was no evidence of irrational behavior in this case to alert the trial court that a competency hearing was necessary. It is also significant that Petitioner's own attorney did not express any concern about Petitioner's competence. *United States v. Gignac*, 301 F. App'x 471, 475 (6th Cir. 2008).

-8-

The Court concludes that a reasonable judge would not have experienced doubt regarding Petitioner's competency to stand trial. Therefore, Petitioner's right to due process was not violated by the trial court's failure to order a competency hearing *sua sponte*.

## C.

Petitioner alleges next that he was denied the right to meaningful allocution due to being incompetent. Allocution has been described as "a defendant's right to speak in his or her behalf before pronouncement of sentence" and "the right to address the sentencing court and demonstrate why he or she deserves a lesser penalty than the court would otherwise be inclined to impose." *United States v. Griffin*, 530 F.3d 433, 437 (6th Cir. 2008) (quoting *United States v. Riascos-Suarez*, 73 F.3d 616, 627 (6th Cir. 1996), *abrogated on other grounds by Muscarello v. United States*, 524 U.S. 125, 127 (1998)). There is, however, no federal constitutional right to allocution. *Goff v. Bagley*, 601 F.3d 445, 464 (6th Cir. 2010), *cert. denied*, ---U.S. --- 131 S. Ct. 1045 (2011); *Cooey v. Coyle*, 289 F.3d 882, 912 (6th Cir. 2002) (quoting *Pasquarille v. United States*, 130 F.3d 1220, 1223 (6th Cir. 1997) (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)). Consequently, the denial of the right to meaningful allocution is not a cognizable claim on habeas corpus review.

## D.

Petitioner's final claim alleges that trial counsel was ineffective for failing to question Petitioner's competency and that appellate counsel was ineffective for failing to present the issue in the appeal of right. The trial court addressed this issue in its order denying Petitioner's motion for relief from judgment. The court stated that counsel was not ineffective for failing to seek a competency hearing because there was nothing in the record to demonstrate that Petitioner was incompetent to plead no contest.

To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must demonstrate "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington,* 466 U.S. 668, 687 (1984). The same standard applies to claims about appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000).

To establish deficient performance, a defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. "Judicial scrutiny of counsel's performance must be highly deferential." *Id*. at 689. To demonstrate that counsel's performance prejudiced the defense, a defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

Petitioner admits that his mental health condition quite possibly was never diagnosed or was incorrectly diagnosed, and that the record does not support his contention that he was incompetent to plead no contest. Furthermore, there is not a reasonable probability that the trial court would have found Petitioner incompetent at the time of his plea, as evidence by the trial court's consideration of the question when it addressed Petitioner's motion for relief from judgment. Therefore, trial counsel was not ineffective for failing to raise the issue or to request an assessment, and appellate counsel was not ineffective for failing to raise the issue on appeal.

IV.

For the reasons stated above, the state court decisions on Petitioner's claims were not contrary to Supreme Court precedent, unreasonable applications of Supreme Court precedent, or unreasonable applications of the facts.

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus [Dkt. #1] is

**DENIED**.

It is further **ORDERED** that Petitioner's motion to produce documents [Dkt. #22] is **DENIED.** There is no absolute right to discovery in habeas actions, and Petitioner has not made a sufficient showing to establish good cause for discovery. *Bracy v. Gramley*, 520 U.S. 899, 904, 909 (1997).

Reasonable jurists would not debate the Court's assessment of Petitioner's claims, nor conclude that the issues deserve encouragement to proceed further. Consequently, it is further **ORDERED** that a certificate of appealability is **DENIED**. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Petitioner nevertheless may proceed *in forma pauperis* on appeal because an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3).

                                                  s/Thomas L. Ludington
                                                  THOMAS L. LUDINGTON
                                                  United States District Judge

Dated: June 22, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Anthony Lovejoy, #398464, at Ionia Maximum Correctional Facility, 1576 W. Bluewater, Highway, Ionia, MI 48846 first class U.S. mail on June 22, 2011.

                                    s/Tracy A. Jacobs
                                      TRACY A. JACOBS